UNITED STATES *v.* BARBER.

(*District Court, D. Nebraska.* November Term, 1888.)

1. POST-OFFICE—OFFENSES AGAINST POSTAL LAWS—ACT CONG. SEPT. 26, 1888.
   Act Cong. 26th September, 1888, amending section 2 of the act of 18th June, 1888, relating to non-mailable matter, changes all former penalties provided for that offense.

2. SAME.
   This last law has no saving clause relative to offenses arising under the said second section, and offenses committed prior to the 26th of September, 1888, cannot be punished under the present law. The portion of said section which fixed the punishment for the offenses therein enumerated has been repealed by implication.

(*Syllabus by the Court.*)

On the Court's Motion in Arrest of Judgment.

W. L. Barber was tried and convicted under the act of congress of June 18, 1888, for depositing in the post-office non-mailable matter.

*George E. Pritchett,* for the United States.

*Mr. Munn,* for defendant.

DUNDY, J. On the 18th day of June, 1888, congress passed an act, entitled "An act relating to postal crimes, and amendatory of the statutes therein mentioned," which seems to have gone further than congress has ever before ventured in that direction. New offenses have been created by that act, and new penalties have been prescribed for old offenses. The latter part of section 2 of said act is all that seems necessary to consider in this connection. That is as follows:

"And all matter otherwise mailable by law upon the envelope or outside cover or wrapper of which, or postal-card upon which, indecent, lewd, lascivious, obscene, libelous, scurrilous, or threatening delineations, epithets, terms, or language, or reflecting injuriously upon the character or conduct of another, may be written or printed, are hereby declared to be non-mailable matter, and shall not be conveyed in the mails, nor delivered from any post-office, nor by any letter-carrier; and any person who shall knowingly deposit or cause to be deposited for mailing or delivery anything declared by this section to be

non-mailable matter, and any person who shall knowingly take the same or cause the same to be taken from the mails, for the purpose of circulating or disposing of, or of aiding in the circulation or disposition of, the same, shall be deemed guilty of a misdemeanor, and shall for each and every offense be fined not less than one hundred dollars nor more than five thousand, or imprisoned at hard labor not less than one year nor more than ten years, or both, at the discretion of the court."

This is the law as it existed between the 18th of June and 26th of September, 1888. The offense with which this defendant stands charged was committed while this law was in full force. He was indicted on the 19th day of November, 1888. The indictment contains four counts, and charges the defendant with depositing in the mails at Omaha city, to be conveyed by post, many postal-cards, addressed to one A. O. Stone, in the state of Pennsylvania, which cards, it is alleged, were so deposited in violation of law, because the writing on the same reflected injuriously upon the character of the said Stone. One of the cards, which is a fair sample of the whole, is as follows:

"SIR: Your account is long time past due. It has been running since 1875. God will not bless you until you do something to correct your nefarious wrongs. W. L. BARBER.
"$1,020.00 & interest since 1875. Owe no man anything."

This is the last of the series of postal-cards described in the indictment, and was written and deposited in the mail at Omaha city on the 19th of September last past. The defendant was tried and convicted on his own confession, shortly after the indictment was found by the grand jury. At that time we had not received the laws of the United States passed at the last session of congress, but the district attorney had before him the said act of 18th June, 1888, sent out in the shape of a circular by the post-master general, and under that act the indictment was found. But on the 26th of September last another act of congress was passed, amending the said act of 18th June, respecting the penalty incurred under the last-named act. That law, or the part thereof material to consider in the present case, is as follows:

"That all matter otherwise mailable by law, upon the envelope, outside cover, or wrapper of which, or any postal-card upon which, any delineations, epithets, terms, or language of an indecent, lewd, lascivious, obscene, libelous, scurrilous, defamatory, or threatening character, or calculated by the terms or manner or style of display, and obviously intended to reflect injuriously upon the character or conduct of any, may be written or printed, or otherwise impressed or apparent, are hereby declared non-mailable matter, and shall not be conveyed in the mails, nor be delivered from any post-office, nor by any letter-carrier, and shall be withdrawn from the mails under such regulations as the postmaster general shall prescribe. And any person who shall knowingly deposit or cause to be deposited, for mailing or delivery, anything declared by this section to be non-mailable matter, and any person who shall knowingly take the same or cause the same to be taken from the mails for the purpose of circulating or disposing of, or of aiding in the circulation or disposition of, the same, shall for each and every offense, upon conviction thereof, be fined not more than $5,000, or imprisoned at hard labor not more than five years, or both, at the discretion of the court."

The only material difference in the two laws consists in the character and extent of the punishment that follows a conviction. The present law provides for a fine not to exceed $5,000, or imprisonment not to exceed five years, or both, at the discretion of the court. In the law of 18th June the punishment might have been made much more severe. It is quite easy to discover that congress intended the last act to take the place of the act of 18th June, because the same were passed at the same session; and the difference in the two acts consists almost exclusively in the character of the punishment provided for the same offense in both acts. It is said that repeals by implication are not to be favored. But here the intention to repeal is too obvious to be unheeded; and to hold otherwise, it seems to me, would be doing violence to language and principle as well. There is no saving clause in the repealing act, so far as it relates to the new class of offenses, for which the defendant is indicted. Without such a saving clause it will not be claimed that a person can be indicted, convicted, and lawfully punished, under a law that has ceased to exist, though it would have been otherwise in this case had the defendant been convicted prior to the 26th of September, 1888. If we should now undertake to punish the defendant on the charges contained in the indictment, it would be under a law that ceased to exist on the 26th of September last, or under the law of the last date, which, in this case would be *ex post facto* in its operation. We cannot, where the liberty of the citizen is involved, undertake to exercise any doubtful and uncertain authority; and where the law is new, and imperfectly understood as in this case, there is no inclination to go as far even as courts might in some cases feel perfectly justified in going. This question is raised on my own motion, but, as it involves the right to punish, I conclude the defendant must have the benefit arising from the repeal of the law under which he was indicted, notwithstanding he has not demanded it. The judgment will therefore be arrested, and the defendant discharged.